

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-64,526-10

### EX PARTE CHRISTOPHER BENNETT WOOTEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 31429 IN THE COUNTY COURT
### FROM HOWARD COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of misdemeanor driving while intoxicated and received deferred adjudication community supervision.

On May 15, 2018, Applicant filed a writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure in the trial court, challenging this conviction. The trial court denied relief on August 27, 2018. Apparently, Applicant did not receive notice of the trial court's decision until October 25, 2018, after the deadline for filing notice of appeal had passed. Applicant filed an untimely notice of appeal on November 7, 2018. The Eleventh Court of Appeals dismissed

the appeal for want of jurisdiction because notice of appeal was untimely. *Ex parte Wooten*, No. 11-18-00307-CR (Tex. App. — Eastland, Dec. 13, 2018) (not designated for publication).

Applicant sought further relief by way of a petition for discretionary review in this Court. This Court denied Applicant's petition for discretionary review, but advised him to seek relief by way of original habeas in this Court.

Applicant subsequently filed this application, which we construe as an original habeas application, seeking an out-of-time appeal from the trial court's denial of relief in his Article 11.072 habeas application.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal from the Order Of Summary Denial Of Application For Writ of Habeas Corpus in Cause No. 31429 from the County Court of Howard County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then obtain a meaningful appeal. All time limits shall be calculated as if the trial court's order denying habeas relief was entered on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered:     April 10, 2019
Do not publish